■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MELVIN RIVERA, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, entered June 23, 1977, which granted defendant's motion to dismiss the indictment for failure to afford him a speedy trial. Order reversed, on the law and the facts, motion denied, and indictment reinstated. Criminal Term dismissed the indictment on the ground that defendant had been denied his right to a speedy trial. That finding was based upon the People's failure to have established due and timely notification to defendant of his scheduled arraignment. Despite the testimony of the Supervising Clerk of the Clerk's Office of the Kings County Grand Jury, and other personnel, as to due mailing, evidenced by notations appearing upon that office's "action sheet", Criminal Term, nevertheless, held that there was insufficient proof of due mailing. There was also testimony that although the mail had been sent to the defendant's last known address, it had not been returned as "undelivered" by the post office. Undue importance was placed upon the transposition of the number of the building listed by the investigating detective as "303" Harmon Street rather than "330", and upon the testimony by defendant's wife that although she had been present in the apartment at all times, no one from the police department had visited the premises. The whereabouts of the defendant became known to the People only upon his arrest for other crimes some seven months after the

bench warrant had issued. The record discloses that the defendant, during the preceding nine years, had no less than 12 different addresses. The difficulty of the police in locating defendant was further compounded because the defendant's police records have him listed under no less than 10 different names. In our opinion, appropriate and requisite endeavors were made by the clerk's office to communicate with the defendant. His record of arrests and convictions evinces more than ordinary conversance with the criminal process. More than the mere denial of receipt of a letter sent in the regular course of business by the Grand Jury's clerk's office is required to establish that the defendant was not duly and timely notified. The testimony by the supervising clerk and other personnel sufficiently established due mailing in the regular course of business, buttressed by its nonreturn to the sender by the post office. Accordingly, the motion to dismiss should have been denied. Damiani, J. P., Suozzi, Rabin and Hawkins, JJ., concur.